IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| CALVIN CHRISTOPHER GRIFFIN,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF HAWAIʻI,<br><br>Defendant. | Case No. 20-cv-00298-DKW-KJM<br><br>**ORDER (1) GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND, AND (2) DENYING MOTION FOR AN EMERGENCY INJUNCTION** |

In July 2020, pro se plaintiff Calvin Christopher Griffin filed a civil rights Complaint, appearing to allege an injury arising from the State of Hawaiʻi's "mail-in" voting system. Griffin also filed a motion for an emergency injunction, which in toto re-states verbatim the injury and relief sections of the Complaint. Defendant State of Hawaiʻi has moved to dismiss the Complaint, arguing the absence of an evident jurisdictional basis, and, to the extent a Section 1983 is alleged,[1] its entitlement to Eleventh Amendment immunity.

At this juncture, the Court GRANTS the motion to dismiss because the Complaint fails to allege any jurisdictional basis for bringing this action in federal court and, thus, at the very least, violates Federal Rule of Civil Procedure 8(a).

---

[1] 42 U.S.C. § 1983.

Dismissal is with LEAVE TO AMEND, as set forth below. Griffin's motion for an emergency injunction is denied, principally for the same reason.

## PROCEDURAL BACKGROUND

On July 2, 2020, Plaintiff filed a form "Complaint for Violation of Civil Rights." Dkt. No. 1. Therein, Plaintiff failed to fill out any information in the sections concerning "Basis for Jurisdiction" and "Statement of Claim." In the "Injuries" section, Plaintiff states that he is a non-partisan candidate for a congressional district seeking to preliminarily enjoin the implementation of Hawai'i's "mail-in" voting for the primary and general elections. In the "Relief" section of the Complaint, Plaintiff asks for "[o]fficial" ballots to be used, signatures to be required, and a "[p]ublic comparison of aggregated totals with component parts." On July 28, 2020, Plaintiff filed a two-page "request for emergency injunction," which simply repeats the assertions made in the "Injuries" and "Relief" sections of the Complaint. Dkt. No. 6.

On August 20, 2020, Defendant filed a motion to dismiss the Complaint, arguing that a jurisdictional basis is not alleged therein, and, to the extent Plaintiff seeks to bring this case under Section 1983, it is entitled to Eleventh Amendment immunity. Dkt. No. 12. The Court set a hearing on the motion to dismiss for September 24, 2020, which meant, pursuant to Local Rule 7.2, that a response was

due on or before September 3, 2020.  As of the date of this Order, Plaintiff has not filed a response containing any legal arguments to the motion to dismiss.  Instead, at various times, including as recently as September 23, 2020−a date well past the time for filing a response−Plaintiff has filed so-called Exhibits or Supplemental Citations.  *See* Dkt. Nos. 16-18, 21.  The "Exhibits" consist entirely of copies of purported legislative bills.  *See* Dkt. Nos. 16-17.  The first "Supplemental Citation[]" contains only an exhibit/witness list and a copy of the motion to dismiss.  Dkt. No. 18.  The final supplemental citation is a thumb drive purportedly containing videos of voting ballots being collected.  Dkt. No. 21.  In addition, therein, Plaintiff asserts that he believes Hawaiʻi's "Title 2 Elections does not conform with CISA Election Infrastructure Security" or the "Help America Vote Act."  *Id*. at 1.

On September 10, 2020, Defendant filed a reply in support of its motion to dismiss.  Dkt. No. 19.  This Order follows.

## LEGAL STANDARDS

### I. Federal Rules of Civil Procedure 8(a) and 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) authorizes the Court to dismiss a complaint that fails "to state a claim upon which relief can be granted."  Rule 12(b)(6) is read in conjunction with Rule 8(a), which requires "a short and plain

statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). In addition, Rule 8(d) provides that "[e]ach allegation must be simple, concise, and direct." Fed.R.Civ.P. 8(d)(1).

Pursuant to *Ashcroft v. Iqbal*, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A court "must accept the factual allegations of the complaint as true and construe them in the light most favorable to the plaintiff." *Interpipe Contracting, Inc. v. Becerra*, 898 F.3d 879, 886-887 (9th Cir. 2018) (quotation omitted). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* Accordingly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

## II.     Pro Se Status

The Court liberally construes a pro se complaint. *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987). However, the Court cannot act as counsel for a pro se litigant or supply the essential elements of a claim. *Pliler v. Ford*, 542 U.S. 225, 231 (2004); *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). In addition, as with all litigants, pro se litigants must follow any applicable Local Rule and Federal Rule of Civil Procedure. *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), *overruled on other grounds by Lacey v. Maricopa Cty.*, 693 F.3d 896, 925, 928 (9th Cir. 2012) (en banc).

"Unless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995). Justice does not require leave to amend, however, when (1) it would prejudice an opposing party, (2) it is sought in bad faith, (3) it would produce an undue delay in litigation, (4) it would be futile, or (5) there has been repeated failure to cure a deficiency. *Abagninin v. AMVAC Chem. Corp.*, 545 F.3d 733, 742 (9th Cir. 2008); *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006).

## DISCUSSION

### I. Dismissal

As the foregoing background indicates, there are at least two important sections entirely left blank in the Complaint. In particular, Plaintiff has failed to state upon what jurisdictional basis he believes this case may proceed in federal court. With this information missing, the Court is unable to assess whether Plaintiff is alleging a violation of a federal or state constitutional right and/or a statutory right (or something else). Whatever it may be, the Complaint also lacks any information on the specific statutory or constitutional provision(s) that have been violated, why they have been violated, and how. Without any such information, the Court (and Defendant) is simply guessing at what claim(s) is being asserted and, thus, what defenses (if any) may apply, such as Eleventh Amendment immunity. The purpose of Rule 8(a) is to prevent such guesswork. *See* Fed.R.Civ.P. 8(a)(1) (stating that a complaint must provide "a short and plain statement of the grounds for the court's jurisdiction…."). Moreover, it is Plaintiff's burden to establish jurisdiction. *See id.*; *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) ("It is to be presumed that a cause lies outside this limited jurisdiction, and the burden establishing the contrary rests upon the party asserting jurisdiction.") (citations omitted).

The "Exhibits" and "Supplemental Citations" Plaintiff has filed do not change these conclusions. First, simply filing lengthy legislative bills serves no useful purpose, irrespective of the type of claim or jurisdictional basis that may be asserted in this case. Instead, if Plaintiff thinks that a *statute* has been violated, he must cite a specific provision from the statute that he believes has been violated, describe how the provision has been violated, and state what injury he has suffered as a result of the violation. A copy of the relevant statute, if any, need not be provided. As for the thumb drive Plaintiff has recently submitted, it is unnecessary at this stage to submit purported *evidence*. Rather, if Plaintiff believes he is aware of a pertinent event that has taken place, he may simply allege the event in his Complaint. Further, to the extent Plaintiff wishes to rely on certain statutes, such as those in his latest supplemental citation, he must refer to them in his *Complaint* before relying on them in any other briefing.

## II. <u>Leave to Amend</u>

For the reasons set forth above, it is necessary for Plaintiff to amend the Complaint. In that regard, so it is clear, if Plaintiff files an amended complaint, he must allege the jurisdictional basis for this case. Without a jurisdictional anchor, this case will not be able to proceed. Further, for each claim, Plaintiff must write short, plain statements describing: (1) the constitutional or statutory right he

believes was violated; (2) the name(s) of the defendant or defendants against whom the claim is asserted; (3) exactly what each defendant did or failed to do in allegedly violating his rights; and (4) what specific injury he suffered because of the defendant's or defendants' conduct.  If Plaintiff fails to do so with respect to any claim, the same will be subject to dismissal.  In addition, Plaintiff may not incorporate by reference any part of the Complaint or any other matter, such as legislative bills, in an amended complaint.  An amended complaint must be complete in and of itself.  To the extent any claims from the Complaint are not re-alleged in an amended complaint, those claims may be deemed voluntarily dismissed.  *See Lacey*, 693 F.3d at 928 (stating that claims dismissed with prejudice need not be re-alleged in an amended complaint to preserve them for appeal, but claims that are voluntarily dismissed are considered waived if they are not re-pled).[2]

### III.  **Injunctive Relief**

In his motion for an emergency injunction, Plaintiff appears to seek an injunction to stop both the 2020 primary and general elections in Hawaiʻi.

---

[2] The Court acknowledges that, in the motion to dismiss, Defendant also raises Eleventh Amendment immunity as a basis for dismissal.  However, for the reasons set forth herein, namely the lack of certainty over the claims and jurisdictional basis for this case, the Court is unprepared to address Eleventh Amendment immunity at this time.  To the extent Defendant believes that Eleventh Amendment immunity may apply to any amended complaint Plaintiff may file, Defendant may re-assert the defense at an appropriate time.

Because the primary election has come and gone, that portion of the motion is moot. Further, because the Complaint has been dismissed, Plaintiff's request to enjoin the upcoming November general election is denied. As a result, the motion for an emergency injunction, Dkt. No. 6, is DENIED.

**IV.   Conclusion**

For the reasons set forth herein, the motion to dismiss, Dkt. No. 12, is GRANTED with LEAVE TO AMEND. Plaintiff may have until **October 13, 2020** to file an amended complaint, consistent with the terms of this Order, though the timing in which he elects to amend should be mindful of the fast-approaching general election date. **The Court cautions Plaintiff that failure to file an amended complaint by October 13, 2020 may result in the dismissal of this case for the reasons set forth herein.**

Plaintiff's motion for an emergency injunction, Dkt. No. 6, is DENIED.

The Clerk of Court is directed to mail Plaintiff a copy of form "Pro Se 1" "Complaint for a Civil Case."

IT IS SO ORDERED.

Dated: September 28, 2020 at Honolulu, Hawai'i.



Derrick K. Watson
United States District Judge