IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| CALVIN CHRISTOPHER GRIFFIN,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF HAWAIʻI,<br><br>Defendant. | Case No. 20-cv-00298-DKW-KJM<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** |

Plaintiff Calvin Christopher Griffin filed his original complaint on July 2, 2020. On September 28, 2020, in response to a motion to dismiss, this Court dismissed that complaint with leave to amend. After Griffin filed a First Amended Complaint ("FAC") on October 13, 2020, the State of Hawaiʻi ("State") again moved to dismiss the claims against it. As discussed below, because Griffin fails to establish standing and the issues raised in the FAC are moot, the State's motion to dismiss is GRANTED, and the case is DISMISSED.

## RELEVANT BACKGROUND

Griffin's FAC, like his original complaint, alleges that he is an aspiring politician upset with Hawaiʻi's plans for mail-in and in-person voting for the 2020 primary and general elections. Dkt. No. 23 at 4–5. He requests only injunctive relief: (1) requiring the United States Postal Service to verify voters received their

mail-in ballots; (2) requiring the State to increase in-person voting sites for election day; (3) imposing "enhanced protocols" to assist individuals with disabilities to vote; and (4) ordering the State to comply with particular ballot collection procedures. *Id.* at 5. Griffin bring his claims under Section 1983 of Title 42 of the United States Code as well as "H.R. 3295-4 Section II (G)" and "H.R. 3295-4 Section II (H)."[1]

On October 27, 2020, the State (the only named Defendant) filed a motion to dismiss all claims in the complaint, arguing the FAC fails to state a claim upon which relief may be granted and, even if it did, this Court lacks subject matter jurisdiction because either Griffin lacks standing or his claims are moot. Dkt. No. 25. Griffin filed no opposition to the State's motion. This Order follows.

## STANDARD OF REVIEW

**I.     Motion to Dismiss Under Rule 12(b)(1)**

Rule 12(b)(1) allows a party to move the Court to dismiss an action when it "lack[s] subject-matter jurisdiction." Fed. R. Civ. P. 12(b)(1). Subject-matter jurisdiction is "the courts' statutory or constitutional power to adjudicate the case."

---

[1] As the State points out, Dkt. No. 25-1 at 6, the latter two provisions appear to reference the Help America Vote Act ("HAVA"), codified at 52 U.S.C. §§ 20901–21145, but this assumption is not entirely clear from the face of the complaint. Not only is it unclear what violation of HAVA Griffin is claiming, but the Court finds no private right of action in HAVA. *See, e.g.*, *Bellitto v. Snipes*, 935 F.3d 1192, 1202 (11th Cir. 2019) (explaining the only enforcement mechanisms in HAVA are "(1) a civil action brought by the Attorney General, and (2) a state-based administrative complaint procedure") (citing 52 U.S.C. §§ 21111-21112); *see also Alexander v. Sandoval*, 532 U.S. 275, 286 (2001) ("private rights of action to enforce federal law must be created by Congress") (citation omitted).

*Steel Co. v. Citizens for Better Environment*, 523 U.S. 83, 89 (1998). Relevant to the present suit, the Court has subject matter jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Not only must the suit arise under the laws of the United States, but it must also present a live "case" or "controversy" to be justiciable in federal court. *See* U.S. CONST. art. III § 2; *see also Dep't of Commerce v. New York*, 139 S. Ct. 2551, 2565 (2019) ("Article III of the Constitution limits federal courts to deciding 'Cases' and 'Controversies.'"). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action. Fed. R. Civ. P. 12(h)(3); *see also Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 954 (9th Cir. 2011).

## II. Pro Se Status

The Court liberally construes a pro se litigant's filings. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). "Unless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995); *see also Crowley v. Bannister*, 734 F.3d 967, 977–78 (9th Cir. 2013). However, the Court cannot act as counsel for a pro se litigant, such as by supplying the essential elements of a claim, *Pliler v. Ford*, 542 U.S.

225, 231 (2004); *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982), and may deny leave to amend where amendment would be futile, *see, e.g.*, *Leadsinger, Inc. v. BMG Music Pub.*, 512 F.3d 522, 532 (9th Cir. 2008).

## DISCUSSION

Griffin fails to articulate a cognizable, particularized injury—that is, an injury unique to him—that is either actual or imminent and that can be redressed by a favorable decision. For this reason, he lacks standing to bring his claims. Even if he had standing, his claims are moot as they concern the implementation of voting procedures for elections that have now passed. For these reasons, the FAC is DISMISSED.

**I.      Standing**

"For a legal dispute to qualify as a genuine case or controversy, at least one plaintiff must have standing to sue." *Dep't of Commerce*, 139 S. Ct. at 2565. To demonstrate standing, a plaintiff must show (1) he or she has suffered an injury in fact; (2) a causal connection between the injury and the conduct complained of; and (3) that the injury is likely to be redressed by a favorable decision. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992); *see also Doran v. 7-Eleven, Inc.*, 524 F.3d 1034, 1039 (9th Cir. 2008) (citations omitted). The "injury" complained of must be (a) concrete (*i.e.*, real, not abstract) and particularized (specific to Plaintiff); and (b) actual or imminent. *See, e.g., Lujan*, 504 U.S. at 560–61;

*Doran*, 524 F.3d at 1039. A "conjectural or hypothetical" injury is insufficient to satisfy the standing requirements. *Lujan*, 504 U.S. at 560 (citing *Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983)) (internal quotation marks omitted).

Griffin's FAC fails to satisfy any of these standing requirements, mainly because he has not pled a concrete, particularized injury.[2] Griffin claims the following *possible* injuries: (1) the disabled (particularly the visually and physically impaired) *may* have a hard time completing a mail-in ballot; (2) there *may* be too few in-person voting sites for the 2020 general election; and (3) third-party candidates (such as himself) *may* be at a disadvantage if Hawaiʻi's mail-in voting scheme is implemented because there *may* be "ballot harvesting" (*i.e.*, a political party operative collecting ballots). Dkt. No. 23 at 4. But Griffin does not claim to be disabled. *See id.* And despite his contention to the contrary, *see id.*, Griffin's name did not appear on a ballot—in a primary or the general election—for Hawaiʻi's first Congressional seat.[3]

As the State explains, Griffin's FAC "contains no allegations that the 'mail-in' voting laws *will affect <u>Plaintiff</u>* in a personal and individual way." Dkt. No.

---

[2]Griffin has failed to do so despite this Court instructing him, when it dismissed his original complaint, that he was required to plead "what specific injury he suffered because of the defendant's or defendants' conduct." Dkt. No. 22 at 8.

[3]*See Hawaiʻi Primary Election Results: First Congressional District*, New York Times (last updated Aug. 9, 2020), https://www.nytimes.com/interactive/2020/08/08/us/elections/results-hawaii-house-district-1-primary-election.html (last visited Dec. 7, 2020); *Hawaiʻi Election Results*, New York Times (last updated Dec. 7, 2020), https://www.nytimes.com/interactive/2020/11/03/us/elections/results-hawaii.html (last visited Dec. 7, 2020).

25-1 at 7–8 (emphasis added). Even more, it is unclear whether the mail-in and in-person voting schemes will result in any of the claimed injuries. That is, Griffin alleges no facts supporting a finding that the alleged injuries are imminent.[4] Even if this were otherwise, he certainly pleads no facts showing Hawaiʻi's voting scheme will imminently deprive *him* of his right to vote. *See Lujan*, 504 U.S. at 560–61 (standing requires a "particularized" injury).

Griffin's alleged injuries, generalized and wholly conjectural, are insufficient to satisfy the standing requirements. For this reason alone, the Court lacks jurisdiction over the case, and the FAC must be DISMISSED. *See* Fed. R. Civ. P. 12(h)(3).

## II.  Mootness

Even if Griffin alleged a cognizable injury that was fairly traceable to the State's conduct, the FAC must also be dismissed because the claims in it are moot. "Mootness is a jurisdictional issue, and 'federal courts have no jurisdiction to hear a case that is moot, that is, where no actual or live controversy exists.'" *Foster v. Carson*, 347 F.3d 742, 745 (9th Cir. 2003) (quoting *Cook Inlet Treaty Tribes v.*

---

[4] For example, he alleges mail-in voting will prevent visually impaired individuals from voting because mailed ballots are not in braille. Dkt. No. 23 at 4. But, as he admits, the State planned to (and did) have in-person voting centers on election day. *Id.* at 4–5. And the Court takes judicial notice that the State provided alternative ways of voting for the disabled. *See Voters Requiring Assistance*, State of Hawaiʻi Office of Elections, https://elections.hawaii.gov/voters-requiring-assistance/ (last visited Dec. 7, 2020). Griffin fails to articulate any facts demonstrating these accommodations were not available for the 2020 elections or how Hawaiʻi's mail-in voting scheme would make it any more likely a person suffering from a disability— which *he* does not claim to be—would be deprived of their right to vote.

*Shalala*, 166 F.3d 986, 989 (9th Cir. 1999)). "Where the activities sought to be enjoined already have occurred, and the [Court] cannot undo what has already been done, the action is moot, and must be dismissed." *Bernhardt v. Cty. of Los Angeles*, 279 F.3d 862, 871 (9th Cir.2002) (citation omitted).

Clearly, here, the activities Griffin wants enjoined have already occurred. The State has executed its mail-in and in-person voting scheme for the 2020 primary and general elections. This Court can no longer affect the procedures for those elections, even if it were authorized and inclined to do so. As a result, even if Griffin prevailed on his claims, this Court cannot grant the relief he seeks. This is precisely the type of case the mootness doctrine seeks to prevent from continuing in a federal court. *See, e.g.*, *Foster*, 347 F.3d at 745.[5]

---

[5]The Court finds that no exception to the mootness doctrine applies in this case. In particular, this case does not concern conduct "capable of repetition, yet evading review." *See Foster*, 347 F.3d at 746–49 (explaining when this exception does and does not apply). This is so for two reasons. First, voting procedures are not typically adopted and implemented in such a truncated time period such that they evade review. Second, Hawaiʻi, like states throughout the country, implemented new voting procedures this year in light of a once-in-a-lifetime pandemic. Such circumstances are (hopefully) unlikely to recur, rendering it far from clear whether the same or similar election procedures will be utilized in the next election cycle.

## CONCLUSION

The State's motion to dismiss, Dkt. No. 25, is GRANTED.  Accordingly, all claims in Plaintiff's FAC, Dkt. No. 23, are DISMISSED.  Because the Court finds amendment would be futile, *see Leadsinger, Inc.*, 512 F.3d at 532, dismissal is WITH PREJUDICE.

IT IS SO ORDERED.

Dated: December 8, 2020 at Honolulu, Hawaiʻi.



Derrick K. Watson
United States District Judge

*Calvin Christopher Griffin v. State of Hawai'i*; Civil No. 20-00298-DKW-KJM; **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**